ANNIE ROVUTTER WILSON and HENRY WILSON, SR., complainants-appellants,

*v.*

ADA B. WILSON, individually and as administratrix *ad prosequendum* and general administratrix of the estate of Eailious Z. Wilson; ESTATE OF GEORGE JOHNSON and NATIONAL GUARD OF THE STATE OF NEW JERSEY, defendants-respondents.

[Submitted February 14th, 1936. Decided April 24th, 1936.]

*Mr. Walter Fox* and *Mr. Samuel Y. Hampton,* for the complainants-appellants.

*Messrs. Quinn, Parsons & Doremus* and *Mr. Theodore D. LaBrecque,* for the defendants-respondents.

The opinion of the court was delivered by

DONGES, J.

Complainants-appellants are the parents of Eailious Z. Wilson, deceased. Defendant-respondent Ada B. Wilson is the widow of said decedent, who was killed on November 5th, 1933, leaving him surviving his said widow, but no children. Respondent, as administratrix *ad prosequendum* and as general administratrix of decedent's estate, effected a settlement of the claim for the alleged negligent conduct resulting in decedent's death and executed a general release as administra-

trix *ad prosquendum* and as general administratrix. The other defendants-respondents are the persons alleged to be liable for negligence resulting in the death of said Eailious Z. Wilson.

Appellants allege a right as parents of decedent to participate in a recovery under the Death act and filed their bill of complaint praying that respondent Ada B. Wilson be enjoined from using any part of the money paid in settlement of the claim for damages for the death of decedent; that the settlement and any release executed in connection therewith be set aside and for nothing holden; that respondent be removed as administratrix *ad prosequendum* and as general administratrix of decedent's estate, and a new administrator *ad prosequendum* and general administrator be appointed by the court of chancery to prosecute the claim for damages for the death of said decedent; and that appellants be paid a part of any sum paid by the persons alleged to be legally responsible for the negligence resulting in the death of decedent.

The court of chancery concluded that the bill of complaint disclosed no cause of action against any of the defendants and dismissed the bill, with costs. This appeal brings up for review the order dismissing the bill of complaint.

Respondents urge that the court of chancery was without jurisdiction to award complainants any relief, and that, in any event, the bill was properly dismissed.

We are of the opinion that under the provisions of the statute (*P. L. 1917 p. 531; Cum. Supp. Comp. Stat. p. 928*), the parents are not entitled to participate in the sum recovered for the death of decedent in this case, and that the bill was properly dismissed.

That statute provides, *inter alia:*

"The amount recovered in every such action shall be for the exclusive benefit of the widow, surviving husband, and next of kin of such deceased person, and shall be distributed to such widow, surviving husband, and next of kin, in proportion provided by law in relation to the distribution of personal property left by persons dying intestate; * * * provided, that where such deceased person has left or shall leave him or her surviving a widow or husband but no children or descendant of any children and no parents, the widow or

surviving husband, as the case may be, shall be entitled to the whole of the damages which she or he shall sustain, and which shall be hereinafter recovered in such action, and the same shall be paid to her or to him; * * *."

The statute of distribution in effect at the time of the death of the decedent (*P. L. 1930 p. 395; Cum. Supp. Comp. Stat. 1925-1930 p. 1339*), in directing the distribution of the personal property of one who dies intestate, provides, in section 169a, that "in case there be no children, nor any legal representative of them, then the whole of the said estate shall be allotted to the husband or widow, as the case may be, of the said intestate."

In *Gottlieb* v. *North Jersey Street Railway Co., 72 N. J. Law 480,* this court said:

"The fund recovered in an action under that statute is no part of the estate of the deceased wife. It is a fund arising out of a judgment in an action given by the statute for the benefit of specific persons, and which action, as Mr. Justice Depue expressed it, 'enures to such persons as a vested right.' The proceeds of the action enures, also, to the benefit of the persons named in the statute, and to them alone. The fund recovered is not to be distributed, under the statute of distributions, as if a part of the intestate's estate, in the manner pointed out by that statute, but is to be apportioned solely among the beneficiaries named in the act of March 3d, 1848, in the method provided by the statute of distributions; that is, the fund received is to be distributed, by the administrator trustee receiving it, to the beneficiaries named in the act of March 3d, 1848, who are alone entitled to receive it. This distribution is to be made in the same manner as the administrator would be required to distribute the fund if it were a part of the intestate's estate, and the persons named in the act of March 3d, 1848, were the only persons legally entitled to share in its distribution under the statute of distributions."

The statute seems clear that upon the death of a man, leaving him surviving a widow, but no children or descendant of any children, the whole of the personal property is allotted to the widow. The parents, in such event, do not share in

the personal estate. Section 169b of the act of 1930, provides for participation in the personal estate "if there be no husband or widow, as the case may be, * * * and in case there be no child, nor any legal representative of any child, then equally among the parents and brothers and sisters, and the representatives of deceased brothers and sisters, * * *."

In view of the dismissal of the bill of complaint, we do not consider it necessary to pass upon the question of the jurisdiction of the court of chancery to entertain a bill of the nature herein submitted, and expressly reserve that question.

With this reservation, the decree under review is affirmed.

*For affirmance*—THE CHIEF-JUSTICE, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, JJ. 12.

*For reversal*—None.